**MICHAEL J. KANE**
**KANE & TOBIASON, LLP**
1087 W. River Street, Suite 100
Post Office Box 2865
Boise, Idaho 83701-2865
Telephone:  (208) 342-4545
Facsimile:  (208) 342-2323
Idaho State Bar No. 2652

ATTORNEYS FOR DEFENDANTS CITY OF GARDEN CITY,
JIM BENSLEY and ANGELA LYTHGOE


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| VERNON K. SMITH, ) | |
| ) | |
| Plaintiff, ) | Case No. CIV 06-317-S-EJL |
| ) | |
| vs. ) | ANSWER TO COMPLAINT |
| ) | |
| GARDEN CITY, IDAHO, a political ) | |
| subdivision of the State of Idaho; JIM ) | |
| BENSLEY, individually and in his capacity as ) | |
| Chief of Police of Garden City, Idaho; ) | |
| ANGELA LYTHGOE, individually and in her ) | |
| capacity as a Garden City Police Officer; AND ) | |
| JOHN and JANE DOES, I through X ) | |
| inclusive, individually and in their capacities ) | |
| as officials, employees and/or agents of ) | |
| Garden City, Idaho, and acting outside their ) | |
| constitutional authority, ) | |
| ) | |
| Defendants. ) | |
| ) | |

COME NOW the Defendants, CITY OF GARDEN CITY, JIM BENSLEY and ANGELA

LYTHGOE, by and through their attorney of record, Michael J. Kane of the firm Kane &

Tobiason, LLP, and for Answer to Plaintiff's Complaint, allege as follows:

## FIRST DEFENSE

1.     Plaintiff's Complaint, and each and every count thereof, fail to state a claim against these answering Defendants upon which relief can be granted.

## SECOND DEFENSE

2.     These answering Defendants deny each and every allegation in the Plaintiff's Complaint not specifically and expressly admitted herein.

3.     These answering Defendants deny the allegations contained in paragraph 1 (consisting of six (6) subparagraphs) of Plaintiff's complaint.

4.     In answer to paragraph 2 of Plaintiff's Complaint, no factual allegations are made and therefore no answer is required.

5.     In answer to paragraph 3 of the Plaintiff's Complaint, these answering Defendants admit that the court has jurisdiction, but deny any other allegations contained in the paragraph.

6.     These answering Defendants admit paragraph 4 of Plaintiff's Complaint.

7.     In answer to paragraph 5 of the Plaintiff's Complaint, these answering Defendants admit that Plaintiff is a resident of Ada County, Idaho, but deny any other allegations contained in the paragraph.

8.     In answer to paragraph 6 of the Plaintiff's Complaint, these answering Defendants admit that Garden City is a municipal corporation subject to the laws of the state of Idaho, and that Angela Lythgoe was employed as a police officer at all times relevant hereto, but deny any other allegations contained in the paragraph.

9.     In answer to paragraph 7 of the Plaintiff's Complaint, these answering Defendants admit that Jim Bensley was the Chief of Police for Garden City at all times relevant to the allegations found in the Complaint, but deny any other allegations contained in the paragraph.

10.     In answer to paragraph 8 of the Plaintiff's Complaint, these answering Defendants admit that Angela Lythgoe was a police officer employed by Garden City at all times relevant to the allegations found in the Complaint, and that she was acting within the course and scope of her duties, but deny any other allegations contained in the paragraph.

11.     In answer to paragraph 9 of the Plaintiff's Complaint, no factual allegations are made pertaining to these answering Defendants, and therefore no answer is required.

12.     These answering Defendants deny the allegations contained in paragraphs 10, 11, 12, 13, 14, 15, 16, 17 and 18 of Plaintiff's Complaint.

13.     In answer to paragraph 19 of Plaintiff's Complaint, these answering Defendants admit that the citations issued to the Plaintiff were dismissed, but deny all other allegations contained in the paragraph.

14.     In answer paragraph 20 of the Plaintiff's Complaint, these answering Defendants admit that Defendant Angela Lythgoe was acting within the course and scope of her duties as a Garden City police officer at the time citations were issued to the Plaintiff, but deny all other allegations found in the paragraph.

15.     These answering Defendants deny the allegations contained in paragraphs 21 and 22 of the Plaintiff's Complaint.

16.     In answer to paragraph 23 of the Plaintiff's Complaint, no factual allegations are made and therefore no answer is required.

17.     These answering Defendants deny the allegations in paragraphs 24, 25, 26, 27 and 28 of the Plaintiff's Complaint.

18.     In answer to paragraph 29 of the Plaintiff's Complaint, no factual allegations are made and therefore no answer is required.

19.     These answering Defendants deny the allegations in paragraphs 30 and 31 of the Plaintiff's Complaint.

20.     In answer to section VI of the Plaintiff's Complaint (unnumbered paragraph), these answering Defendants admit that a tort claim was filed with Garden City on behalf of the Plaintiff, but deny all other allegations contained in the section.

21.     These answering Defendants deny the allegations contained in section VII (unnumbered paragraphs) of the Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

22.     The individually named answering Defendants are immune from liability.

### SECOND AFFIRMATIVE DEFENSE

23.     These answering Defendants are not liable for any injury caused by the act or omission of another person under the theory of *respondeat superior*.

### THIRD AFFIRMATIVE DEFENSE

24.     At no time did there exist between these answering Defendants and any other Defendant or any other person an agreement, mutual understanding, or meeting of the minds to deprive Plaintiff of civil rights.

### FOURTH AFFIRMATIVE DEFENSE

25.     The alleged actions of these answering Defendants do not rise to the level of deprivation of a constitutionally protected right.

## FIFTH AFFIRMATIVE DEFENSE

26.    The damages sustained by Plaintiff, if any there were, were directly and proximately caused by the negligence, acts and/or omissions of the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

27.    The claims and damages set forth in the Plaintiff's Complaint are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

28.    To the extent that these Answering Defendants will be considered policymakers for official capacity purposes, they are not liable since no governmental policy, custom or practice led to the deprivation of a constitutional right.

## EIGHTH AFFIRMATIVE DEFENSE

29.    In so far as Plaintiff's Complaint seeks to recover damages from the individually named answering Defendants in their capacity as law enforcement officers under state law theories of recovery, the action is subject to dismissal for failure to post a bond as required by Idaho Code § 6-610.

## NINTH AFFIRMATIVE DEFENSE

30.    The damages sustained by Plaintiff, if any there were, were directly and proximately caused by the negligence, acts and/or omissions of Plaintiff, and the negligence, acts and/or omissions of Plaintiff were equal to or greater than the negligence acts or omissions, if any, of these answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

31.    In regard to Plaintiff's federal law claims, punitive damages are not available against a public entity or a public official acting in an official capacity.

**ELEVENTH AFFIRMATIVE DEFENSE**

32.     In regard to the Plaintiff's federal law claims, punitive damages are not available against a public official in his individual capacity because the public official did not engage in conduct exhibiting an actual malicious intent or with recklessness, serious indifference to or disregard for the rights of others.

**TWELFTH AFFIRMATIVE DEFENSE**

33.     Probable cause and/or reasonable articulable suspicion existed that Plaintiff was engaging in illegal activity on the date relevant to the Complaint and therefore it was reasonable that he was stopped and detained for a brief period of time.

**THESE ANSWERING DEFENDANTS DEMAND A JURY TRIAL**

WHEREFORE, Defendants CITY OF GARDEN CITY, JIM BENSLEY and ANGELA LYTHGOE, having fully answered Plaintiff's Complaint, pray as follows:

1.     Plaintiff's Complaint be dismissed with prejudice as to these answering Defendants;

2.     These answering Defendants be awarded their costs of suit and attorney's fees herein incurred; and,

3.     For such other relief as to the Court seems just and equitable in the premises.

DATED this 27th  day of September, 2006.

KANE & TOBIASON, LLP


BY: ____/s/ *Michael J. Kane*_____
Defendants CITY OF GARDEN CITY,
JIM BENSLEY and ANGELA LYTHGOE

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 28th day of September, 2006, I electronically filed the foregoing document with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court's CM/ECF System:

- **Vernon K. Smith**
  johnmgibson@qwest.net

- **Michael J. Kane**
  mkane@ktlaw.net;  tpresler@ktlaw.net

    /s/ Michael J. Kane
