VERNON K. SMITH
ATTORNEY AT LAW
1900 West Main Street
Boise, Idaho 83702
Idaho State Bar No. 1365
Telephone:    (208) 345-1125
Fax:          (208) 345-1129

Attorney for Plaintiff, Vernon K. Smith

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VERNON K. SMITH,<br><br>   Plaintiff,<br><br>v.<br><br>GARDEN CITY, IDAHO, a political subdivision of the State of Idaho; JIM BENSLEY, individually and in his capacity as Chief of Police of Garden City, Idaho; ANGELA LYTHGOE, individually and in her capacity as a Garden City Police Officer; AND JOHN and JANE DOES, I through X inclusive, individually and in their capacities as officials, employees and/or agents of Garden City, Idaho, and acting outside their constitutional authority,<br><br>   Defendants. | Case No. CIV 06-317-S-EJL<br><br>OBJECTION TO DEFENDANTS' MOTION FOR ATTORNEY FEES |

  COMES NOW The Plaintiff above-named, Vernon K. Smith, and does herewith object to Defendants' petition and claim for attorney's fees as is requested by counsel in behalf of said Defendants, and being submitted pursuant to Title 42 U.S.C. § 1988 (b). Defendants have not cited any Federal case authority as justification for attorney fees on the successful use of the defense of qualified officer immunity involving a request for attorney fees by their petition.

  This Objection to Defendants' Petition for Attorney Fees is made under the provisions of U.S.C. § 1988 (b), which allows the court, in its exercise of discretion, to allow only a reasonable

fee, if it is even deemed necessary to the prevailing party as an award of reasonable attorney fees. It is Plaintiff's belief there was no just basis to factually support an award of attorney fees under the disputed facts of this case. There was absolutely no lawful basis whatsoever for the traffic stop initiated by the Garden City Police Officer, Angela Lythgoe, as the license plate and tags attached were lawful, and but for the radio dispatch the night before, that brought about the awareness the registration was in need of renewal, and an emission test was in need of being conducted, Plaintiff would not have had any awareness of the earlier cancelled status. Plaintiff did immediately, the next day, as he was required by law, took the vehicle and conduct the test and renewed the registration, as he was instructed to do, and only because of the radio dispatch that night before, was this officer on the "lookout" to stop the vehicle, as it went through Garden City every night. This Officer stopped the vehicle that next evening, with no legal basis whatsoever, and had in mind only the stale information from the dispatch of the night before, and even after the unlawful stop, refused to accept the valid status of the new registration and matching tags issued just 4 hour earlier. For this Court to reward this official misconduct, first with a grant of immunity from a claim for a constitutional violation, and to this add such insult to injury with an award of attorney fees, is simply to send the wrong message to poorly trained officers that could only leave them with the impression their misconduct and abuse of process will be insulated by the courts and their conduct will be held immune from any needed accountability as normally required in the interests of the public.

There can be no findings or conclusions Plaintiff's pleadings were "unreasonable, frivolous, merciless or vexatious", and any such idea is a misplaced perception of the allowed process, and represents a harsh conclusion asked to be reached by this Court. An award of attorney fees to these Defendants would serve only to add injury to Plaintiff, who genuinely believes he suffered an abuse of authority by the conduct of Defendants, as the fictitious charges brought against Plaintiff by this

Officer were appropriately dismissed by the State court, upon Plaintiff's Motion for Dismissal, as there was no factual basis or legal cause for the stop or citation in the first instance.

In addition to the above statements, Defendants' claimed attorney fees are not substantially supported or justified as a fee needed to reimburse an insurance carrier for fees that were actually expended in defense with use of an immunity defense from recovery of a claim for a constitutional violation of Plaintiff's rights. This claim for attorney fees is unreasonable and said request should be denied accordingly.

Dated this 4th day of April 2008.

s/ Vernon K. Smith
Vernon K. Smith, Idaho State Bar No. 1365
1900 West Main Street
Boise, Idaho 83702
(208) 345-1125
Fax:   (208) 345-1129

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of April 2008, I filed the foregoing document with the Clerk of the Court using the CM/ECF system which e-mailed a Notice of Electronic Filing to the following:

Michael J. Kane, Attorney for Defendants
mkane@ktlaw.net;   tpresler@ktlaw.net

s/ Vernon K. Smith
Vernon K. Smith