IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VERNON K. SMITH, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> GARDEN CITY, IDAHO, a political ) <br> subdivision of the State of Idaho; JIM ) <br> BENSLEY, individually and in his ) <br> capacity as Chief of Police of Garden City, ) <br> Idaho; ANGELA LYTHGOE, individually ) <br> and in her capacity as a Garden City Police ) <br> Officer; AND JOHN and JANE DOES, I ) <br> through X inclusive, individually and in ) <br> their capacities as officials, employees ) <br> and/or agents of Garden City, Idaho, and ) <br> acting outside their constitutional authority, ) <br> ) <br> Defendants. ) <br> _____) | Case No. CV06-317-S-EJL <br><br> **ORDER** |

Pending before the Court in the above-entitled matter is Defendants' motion for attorneys' fees (Docket No. 25) in the amount of $5.063.00. The motion has been fully briefed. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

**Order – Page 1**

The Defendants' motion relies on 42 U.S.C. § 1988 in support of the request for attorneys' fees. Section 1988 allows the court, in its discretion, to award reasonable attorneys' fees to prevailing defendants in a civil rights lawsuit if the plaintiff's action is frivolous, unreasonable or without foundation. Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 619 (9th Cir. 1987). The Court should consider the financial resources of the plaintiff in awarding a prevailing defendant attorneys fees so as not to subject the plaintiff to financial ruin. Id. at 621. Nor should the Court undercut Congress' policy of promoting vigorous prosecution of civil rights violations. Id. at 619. The Ninth Circuit has repeatedly held that attorney's fees "should only be awarded to a defendant in exceptional circumstances." Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990).

Having considered the record in light of the applicable standard, the Court finds the Plaintiffs' action against Defendants to be unreasonable and without foundation. The Court finds the Plaintiff, who is a practicing attorney, was unreasonable in bringing an action for $1,000,000 in damages for a 20 minute traffic stop. Plaintiff's conspiracy theories against the law enforcement officers lacked factual evidence and were mere speculation. When the totality of the circumstances were reviewed by the Court, the Plaintiff's allegations were groundless and not supported by the facts or the law. The officer that initiated the traffic stop was clearly entitled to qualified immunity and the claims against the other Defendants were not substantiated by Plaintiff.

Plaintiff argues that there is no legal support for awarded attorney's fees when a defendant defended the action based on qualified immunity. This Court finds otherwise. In Saman v. Robbins, 173 F.3d 1150 (9th Cir. 1999), the Court remanded the awarding of attorney's fees against one officer to the district court as the claims against that officer were groundless. "Although the Supreme Court has established a high hurdle for prevailing defendants to clear before being awarded attorneys fees under 42 U.S.C. § 1988, that hurdle is not insurmountable." Id. at 1158.

Plaintiff is a knowledgeable attorney and should have carefully and objectively evaluated his retaliatory lawsuit before he filed the lawsuit. Instead, he overreacted to a traffic stop and the Defendant incurred substantial legal services in defending the lawsuit which this Court has found to be without foundation and groundless. Regardless of whether the Defendants are insured, legal services were required by the Defendants. This Court does not seek to discourage the filing of civil right lawsuits, but does seek to discourage Plaintiffs with knowledge of the law from bringing lawsuits that are without foundation. In this case, the Court finds the prevailing Defendants have met their burden and are entitled to appropriate fees.

Having found it appropriate to grant Defendants' motion for attorneys' fees, the Court next must determine what constitutes a reasonable award. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Jordan v. Multnomah County, 815 F.2d 1258, 1262 & n.5 (9th Cir. 1987) (explaining method to arrive at "lodestar" figure).

**Order – Page 3**

While Plaintiff objected to the award of attorney's fees, he did not specifically challenge the number of hours or the hourly rates charged for the services which are set out in detail in the Affidavit of Michael Kane, Docket No. 25-3.  The Court has reviewed the affidavit and finds the 44.80 hours spent on the defense of this action to be reasonable and justified.[1]  The Court also finds that the hourly rates used by Defendant's counsel of $110 and $125 are well within the market range for such services in the District of Idaho.  Moreover, the Court finds the attorney's fee award of $5,063 will not financially ruin the Plaintiff.  Accordingly, the Court finds a total award of $5,063.00 in attorneys' fees is appropriate in this case.[2]

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendants' Motion for Attorney's Fees (Docket No. 25) is GRANTED and the Court awards attorneys' fees in favor of Defendants in a total amount of $5,063.00.

DATED:  **May 14, 2008**



Honorable Edward J. Lodge
U. S. District Judge

---

[1] These hours do not include the attorney's fees awarded by the magistrate judge related to the Defendant's motion to compel.

[2] Having considered the factors set forth in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976), the Court concludes that the present case does not represent one of those rare instances where the lodestar figure should be adjusted on the basis of other considerations.  Harris v. Marhoefer, 24 F.3d 16, 18 (1994).

**Order – Page 4**